Civil Action No. 4:14-CV-13894-DHH

| | |
|---|---|
| KAI KUNZ, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF NORTHBRIDGE, TOWN OF | ) |
| NORTHBRIDGE POLICE DEPARTMENT, | ) |
| WALTER WARCHOL CHIEF OF POLICE, | ) |
| SGT. JOHN OUILLETTE, SGT. TIMOTHY | ) |
| LABRIE, DET. JARROD WOELLER, SGT. | ) |
| BRIAN PETRINELLI, and KEVIN MCCARTHY | ) |
|    Defendants, | ) |

## PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND DEMAND
## FOR JURY TRIAL

1.  The Plaintiff is Kai Kunz, a resident of the Commonwealth of Massachusetts with a mailing address of 20 Nelson Street, Webster, Worcester County, Massachusetts. (hereinafter, "plaintiff")

2.  The Defendant is the Town of Northbridge, a municipal governmental entity duly created and organized under the laws of the Commonwealth of Massachusetts with a principal mailing address of 7 Main Street, Whitinsville, Massachusetts, 01588.

3.  The Defendant is the Town of Northbridge Police Department, a municipal governmental entity duly created and organized under the laws of the Commonwealth of Massachusetts with a principal mailing address of One Hope Street, Northbridge, Massachusetts, 01588.

4. The Defendant is Walter Warchol, Chief of Police, Town of Northbridge Police Department, who is sued in his individual and official capacity, is a resident of the Commonwealth of Massachusetts, with a mailing address of One Hope Street, Northbridge, Massachusetts 01588

5. The Defendant is Det. Jarrod Woeller, of the Town of Northbridge Police Department, who is sued in his individual and official capacity, is a resident of the Commonwealth of Massachusetts, with a mailing address of One Hope Street, Northbridge, Massachusetts 01588

6. The Defendant is Lt. Timothy LaBrie, of the Town of Northbridge Police Department, who is sued in his individual and official capacity, is a resident of the Commonwealth of Massachusetts, with a mailing address of One Hope Street, Northbridge, Massachusetts 01588

7. The Defendant is Sgt. John Ouillette, of the Town of Northbridge Police Department, who is sued in his individual and official capacity, is a resident of the Commonwealth of Massachusetts, with a mailing address of One Hope Street, Northbridge, Massachusetts 01588

8. The Defendant is Sgt.Brian Petrinelli, , of the Town of Northbridge Police Department, who is sued in his individual and official capacity, is a resident of the

Commonwealth of Massachusetts, with a mailing address of One Hope Street, Northbridge, Massachusetts 01588

9.  The Defendant is Kevin McCarthy, a resident of the Commonwealth of Massachusetts, with a mailing address of Golden Hill Road, Haverhill, Massachusetts.

## JURISDICTION

10.  Plaintiff respectfully asks this court to exercise federal question jurisdiction under 28 U.S.C. §1331, in that his claims arise under the Constitution, Laws and Treatises of the United States and civil rights jurisdiction under 28 U.S.C.§1343(a)(3), to redress deprivations of rights, privileges and immunities secured by the Constitution of the United States and also asks this court to exercise supplementary jurisdiction under 28 U.S.C. §1367.

## STATEMENT OF FACTS

11.  In October 2011, at all times relevant to this complaint, Mr. Kunz was a property owner, businessman and resident of the Village of Whitinsville, Massachusetts, and had discussed his business, property and tenancy rights at his residence on 111-111A Church Street, Northbridge-Whitinsville, with Northbridge Police Officers, Defendants Lt. Timothy Labrie, Officer John Ouillette, Chief Walter Warchol, and others in the past.

12.  On October 14, 2011, Northbridge Police Officer Defendant Ouillette spoke with plaintiff about his property rights (tenancy) at 111 Church Street, while at that property to make an arrest of another person who lived with his mother in another unit concerning a domestic matter.

13.  Plaintiff alleges at all times relevant to the complaint, that through his business, William XI Property Series, LLC, he bought, rehabilitated, rented and sold a number of residential units in Worcester County and Essex County, including having previous ownership of the property at 111 Church Street, with no prior mental health history or significant criminal record, all of which was known by defendants.

14.  Plaintiff alleges at times relevant to the complaint and in October 2011, he and William XI Properties Series, LLC, were in a serious business dispute with Kevin McCarthy and Joseph Young, who worked for MHI, Inc., a real estate entity in Haverhill, Massachusetts, over the percentage ownership of certain properties and allocation of proceeds in connection with any sales, loan modifications and/or short sales that occurred on certain Haverhill properties which plaintiff had an equitable interest in.

15.  Plaintiff alleges at times relevant to the complaint, including October 18, 2011, defendants had actual notice of and/or should have known that plaintiff had planned to file and/or had a pending lawsuit against other persons who may have reported to Northbridge Police about plaintiff's alleged mental instability, disability and his alleged dangerousness, and with discriminatory bias and prejudice against plaintiff, disregarded his legitimate claims against persons and entities including Kevin McCarthy, Joseph Solans, David Boudreau, Kelli O'Keefe, Richard Rawson, Ronald McQuinn and MPAT, which plaintiff claims directly resulted in great economic and non-economic loss, injury and damages.

16. On or about October 16, 2011, after speaking and arguing with Kevin McCarthy and Joseph Solans (JS), about monies owed, misappropriation of rents and deceptive business practices JS threatened plaintiff at gunpoint at the end of Allen Street, and this fact was reported to the Haverhill Police by plaintiff on that day.

17. On October 16th and 17th, Woeller and Sgt. Ouillette, of the Northbridge Police Department called plaintiff's cell phone and left messages about speaking with him and on October 18, 2011, a message left by Sgt. Ouillette and telephone call from Woeller, commanded plaintiff to appear at the station after the shift began, at night, to talk about his tenancy at 111 Church Street, and other matters, which he did, arriving at the Northbridge Police Department at approximately 9:30 p.m. and was interviewed by Lt. LaBrie.

18. On or about October 17, 2011, after 9:00 p.m., unknown to plaintiff, buildings owned by Defendant McCarthy in Haverhill, Essex County, had been damaged by fire and McCarthy subsequently became the subject of an arson investigation. Plaintiff avers McCarthy attempted to falsely implicate plaintiff. Based upon information and belief, Kevin McCarthy had a substantial prior criminal record affecting his credibility.

19. Plaintiff alleges that he later learned that Kevin McCarthy and/or Joseph Young may have called and/or visited the Northbridge Police Department to falsely report alleged criminal conduct by plaintiff and discussed civil property ownership rights, including plaintiff's tenancy and prior ownership of 111 Church Street, Northbridge, Massachusetts.

20.  On October 17, 2011, Dispatcher Lisa Gaylord and Defendant Ouillette received a call from Kevin McCarthy telling them that plaintiff had threatened to kill Sgt. Petrocelli, and his name was included on a so-called "hit list", and plaintiff avers that this fact contributed to police defendants' unreasonable and unlawful conduct, discrimination, bias and prejudice against plaintiff under the circumstances.

21.  Defendant's Ouillette, concluded on October 17, 2011, at 1542 hrs., that plaintiff was mentally unstable in his opinion and should have an psychiatric evaluation to determine if he is a danger to self or others under M.G.L.A. c.123 s.12, based upon plaintiff's alleged threats to the FBI and Petrinelli, and the next day falsely and/or grossly negligently stated that plaintiff agreed to go with the ambulance voluntarily to go see a psychiatrist and get his medications corrected.

22.  Plaintiff avers that before October 18, 2011, at 9:30 p.m., Kevin McCarthy and/or others falsely reported to certain police defendants, and individual defendants, that he was attacked by plaintiff in the morning of October 17, 2011, at his home in Haverhill. McCarthy reported plaintiff's alleged attack upon him on October 17, 2011, in person in Northbridge, claiming the event had taken place "25 minutes ago", where the drive time from Haverhill, the alleged place of offense, is over one hour. On or about October 18, 2011, McCarthy called defendants and stated that his buildings were burned in Haverhill and falsely implicated plaintiff.

23.  The Northbridge Police Report failed to adequately question the veracity of the hit list, the incredible alleged drive time by Defendant McCarthy and the fact there were no marks on McCarthy's neck inconsistent with his reports Kunz had almost fatally choked him.

24.  Plaintiff alleges at times relevant to the complaint, his intent and conduct was misrepresented by defendants where fraudulent and material information received from Defendant McCarthy was objectively implausible. Plaintiff alleges defendant's unreasonably believed and accepted Defendant McCarthy's fabricated story of a purported "hit list", plaintiff intended to carry out, which was merely handwritten names on a piece of notebook paper, and failed to act, to willfully and knowingly deprive plaintiff of his clearly established constitutional rights. Plaintiff alleges a reasonable police officer would not have believed or would have first seriously questioned Defendant McCarthy, under the circumstances, and would have further investigated before restraining plaintiff where there was no probable cause to issue a criminal complaint for threats and plaintiff alleges defendants were legally required to seek less drastic alternatives to an emergency mental health commitment petition based upon such outlandish and unsupported evidence and given defendants' alleged knowledge of McCarthy's conduct prior to the October 17, 2011, and defendants' prior and subsequent allegations against plaintiff.

25.  Plaintiff insisted that his interview on October 18, 2011, at the Northbridge Police Station be videotaped and he was assured at the time by defendants that it was being videotaped and plaintiff subsequently learned that the interview was not videotaped as represented.

26. Plaintiff alleges a valid disclosure to be used as the basis of a mental health commitment can only take place after a valid Lamb warning. Here, Mr. Kunz claims he received no Lamb warning throughout his mental health commitment.

27.  Plaintiff claims the individual defendants' who interviewed, restrained and caused plaintiff's emergency mental health commitment and the Northbridge Police Department, knew that plaintiff was going to be charged with a crime in Haverhill, Massachusetts, the next day, but plaintiff did not know.

28.  Before the October 18, 2011, interview, plaintiff was not given his Miranda rights by defendants' and he was not given notice of his right to counsel, rights against self-incrimination and confrontation rights.

29.  On October 19, 2011, plaintiff was charged by the Haverhill Police Department with assault with intent to murder Kevin McCarthy, by strangling him and a warrant issued for his arrest while he was involuntarily committed. (Docket No. 1138CR002486; PCF No. 2917567, Incident No. 11033053), Attached to the Haverhill Police Department Application and report was a narrative of Det. Bennedetti, who stated that he was assisting an arson investigation of properties in Haverhill.

30.  On October 18, 2011, after 9:30 p.m., during the interview with Lt. LaBrie, plaintiff explained and showed documentary evidence of the business dispute that existed between himself and McCarthy in Haverhill, and others, and Lt. LaBrie abruptly and  falsely accused plaintiff of having formulated a "hit list", with an intent to commit murder of Defendant Petrinelli and was thereafter objectively unreasonably and unlawfully subject to an emergency mental health petition under M.G.L.A. c.123 s.12, filed by the Northbridge Police at approximately 10:30 p.m., based largely upon the uncorroborated information provided by Kevin

McCarthy, his business partner Joe Young, Defendant Ouillette, and Defendant LaBrie; plaintiff was thereafter restrained to a stretcher and transported by ambulance to Milford Hospital.

31. Plaintiff avers at all times relevant to this complaint, the fact communicated by defendants who acted in concert, that plaintiff had formulated a "hit list" and was dangerous, was knowingly false information and/or recklessly false information.

32. Mental health proceedings are civil in nature, however, defendants had notice of planned criminal process against plaintiff on October 18, 2011, and defendants unlawfully conducted custodial interrogation of him, arrested him and unconstitutionally seized plaintiff's person in the interview room by requiring him to involuntarily submit to an emergency mental health evaluation, and the EMT's used restraints when transporting to a locked facility and he was not free to leave.

33. At all relevant times plaintiff contends he was involuntarily transported by ambulance to Milford Hospital, at approximately 10:30 p.m., for an emergency mental health admission, in a locked facility, without probable cause and without required due process and/or reasonable justification for claiming plaintiff was a potential danger to himself and/or others; and was then involuntarily transported to Pembroke Hospital by ambulance the next day October 19, 2011, and was restrained and not released until days later, without due process required by M.G.L.A. c.123 §12(a), (b) and (e), and state and federal constitutions, and was under the circumstances an abuse of defendant(s) and supervisory official(s) powers.

34.  The Northbridge Police Dispatch records on October 18, 2011, states through dispatcher Jennifer D. Leonard, that Sgt. LaBrie notified the charge nurse Diane at Milford Hospital that plaintiff was to be transported via the Fire Department ambulance.

35.  Plaintiff alleges that neither the Northbridge Police nor any person on October 18, 2011, had any reasonable and articulable facts to believe that the failure to hospitalize Mr. Kunz would create a likelihood of serious harm by reason of mental illness. In general, the "likelihood of serious harm", requires a finding that failure to hospitalize would pose a substantial risk of physical harm to the plaintiff or others, or a very substantial risk of physical harm to himself because of his inability to protect himself in the community. Plaintiff claims defendants carried out his involuntary emergency mental health hospitalization in violation of plaintiffs clearly established constitutional rights to liberty, due process and statutory mental health procedural rights. (see, M.G.L.A. c.123 s.1, et seq. , s.12)

36. Plaintiff alleges that at all times relevant to the complaint, the objective plausibility and credibility of critical information sources was knowingly and deliberately lacking any information from which a reasonable officer could deem, probable cause to believe plaintiff had committed and/or was about to commit a crime, such as multiple murders and/or was a danger to himself or others under the circumstances and constitutes unlawful arrest and a grossly negligent and unlawful initiation of emergency mental health proceedings and an abuse of process directly resulting in plaintiff's immediate loss of personal liberty and economic and non-economic damages.

37.  Plaintiff alleges that at all times relevant to the complaint, Defendants' Northbridge Police and individual  defendants, the FBI, and Kevin McCarthy, worked so closely together and there existed a pervasive entwinement of the state conduct with challenged activity that under the circumstances, McCarthy's conduct constitutes "state action" for purposes of §1983 liability, and all other defendants' knew or should have known the information given to the Northbridge Police was materially false, and defendants' with reckless indifference and deliberately disregard of plaintiff's clearly established constitutional rights, failed to supervise defendant officers, McCarthy and individual defendants', to intervene and prevent the harm to plaintiff and are vicariously liable to plaintiff under principles of agency law.

38.  On October 24, 2011, plaintiff stated to the Haverhill District Court that this case was a "frame attempt" and, plaintiff proceeded to send to Haverhill Police, e-mails and information evidencing facts of the business relationship/disputes which were shown to police defendants on October 18, 2011.

39.  The criminal matter against plaintiff was dismissed on or about January 23, 2013, upon recommendation of the Commonwealth, in part because a 2012, MSP State Crime Lab report concerning cell phone triangulation evidence on October 17, 2011, confirmed plaintiff's presence at McCarthy's Haverhill home on October 18, 2011, directly inconsistent with his criminal allegations.

40.  Plaintiff complained to the Northbridge Police Department filing written complaints and requests for an internal investigation(s) of the facts and circumstances surrounding the

mental health proceeding initiated against him and the conduct and the supervision of Northbridge Police officers in their knowledge of the falsity of information against plaintiff, the initial response to objective facts, biased investigation, participation in a criminal application for a complaint against plaintiff, and, plaintiff's requests for internal investigations were subsequently denied.

41.  At all relevant times to the complaint, plaintiff claims that defendants owed plaintiff a duty of care and/or had a special relationship with plaintiff upon which a duty of care arose and defendants' otherwise undertook the duty to discharge their professional duties as police officers to protect plaintiff and to take actions or inaction in accordance with the law and was otherwise charged with the knowledge of the mental health commitment process in Massachusetts including but not limited to:

42.  Any licensed physician, psychiatric nurse mental health clinical specialist, psychologist,or independent clinical social worker who examines a person and has reason to believe that failure to hospitalize that person would create a likelihood of serious harm by reason of mental illness may restrain that person (or authorize his or her restraint) and apply for his or her hospitalization for a three-day period at a public mental health facility, or at a private mental health facility authorized by the Department of Mental Health for that purpose.

43.  If it is impossible to examine the person "because of the emergency nature of the case and because of the refusal of the person to consent to such examination," the determination

may be made "on the basis of the facts and circumstances." Whenever practicable, the applicant must consult with the facility before transporting the person.

44.  In an emergency situation in which none of the medical or mental health professionals listed above is available, a police officer who believes that failure to hospitalize a person would create a likelihood of serious harm by reason of mental illness may restrain the person and apply for his or her hospitalization for up to three days. G.L. c.123, §12(a); 104 Code Mass. Regs. § 33.02.  Plaintiff claims that he was restrained over three days a requirement which is jurisdictional and strictly construed.

45.  Plaintiff avers that G.L. c. 123 s.12(a), requires that a deliberate, orderly, judicially-supervised proceeding for determining whether he shall be committed, shall be commenced.

46.  Plaintiff claims that being invited to the Northbridge Police Station for questioning did not reasonably constitute an emergency and that the knowing unavailability of a physician at the time, approximately 10:30 p.m., did not create the likelihood that failure to hospitalize would constitute a substantial danger to himself or the community under M.G.L.A. c.123 s.12(a).

47.  At all times relevant to the complaint, plaintiff did not receive and/or did not understand any "Lamb warning" given and was not informed that any communications would not be confidential and/or that his waiver of rights was not knowing and voluntary.(see, G.L. c. 233, § 20B(b)) The privilege does not apply if a psychotherapist in the course of his diagnosis or treatment of the patient, determines that the patient is in need of treatment in a hospital for

mental or emotional illness or that there is a threat of imminently dangerous activity by the patient against himself or another person, and on the basis of such determination discloses such communication either for the purpose of placing or retaining the patient in such hospital, provided however that the provisions of this section shall continue in effect after the patient is in said hospital, or placing the patient under arrest or under the supervision of law enforcement authorities.

48.  Plaintiff did not knowingly and/or voluntarily sign a conditional voluntary commitment agreement with the Northbridge police or any subsequent health care provider.

49.  Plaintiff was not charged with a crime at the time of the initiation of the commitment process on October 18, 2011.

50. Plaintiff claims that he was never advised of a right to an attorney or given information about the Mental Health Unit at CPCS as required by M.G.L.A. c.123 s.12, and he avers there was not a court filing and/or court ordered examination.

51.  On October 16, 2013, plaintiff sent to Defendant Town of Northbridge, the Northbridge Police Department and the Massachusetts Attorney General Northbridge, a demand letter pursuant to the provisions of M.G.L.A. c.258 s.4, the Massachusetts Torts Claims Act, alleging that the Northbridge Police Department, and it's employees, supervisors and officials individually and in concert, and breached the duty of care owed to plaintiff and was grossly negligent and falsely arrested Mr. Kunz on or about October 18, 2011, without probable cause,

after knowingly calling him down to the station for a police interview at approximately 9:30 p.m., and deprived and interfered with his constitutional rights to liberty, privacy and property without due process, by then having Mr. Kunz involuntarily institutionalized as a mental health patient at Milford Hospital and then to Pembroke Hospital, that night and the following day, at times in restraints, without justification or affording him known legal process designed to protect his constitutional due process rights.

52. As of October 18, 2014, no response to plaintiff's demand letter has been received from defendants and he now files suit against the municipality and named defendants in their individual and official capacities, and who acted individually and in concert, to commit common law and constitutional torts.

53. Mr. Kunz alleges Northbridge committed common law torts of gross negligence, misrepresentation, civil conspiracy, malicious prosecution, abuse of process, false imprisonment, battery and negligent and intentional infliction of emotional distress, and statutory claims for violations of state and federal constitutional rights under 42 U.S.C. s.1983, violation of rights to privacy under M.G.L.A. c.214 s.1B, and civil rights violations under M.G.L.A. c.12 s.11I and s.11H.

54. Plaintiff claims defendants' conduct was carried out in knowing violation and deliberate indifference to plaintiff's clearly established constitutional rights against unreasonable searches and arrests (seizures), rights against self-incrimination, privacy rights, Miranda rights, confrontation rights, property rights, liberty rights, rights to proper medical care, rights against

cruel and unusual punishment and rights to equal protection of the laws, under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in violation Northbridge Police Department policies and procedures and state and federal rights for the criminally accused and pre-trial detainees specific mental health rights.

55.  Plaintiff alleges at all times relevant to the complaint, that the Town of Northbridge and the Northbridge Police Department, are vicariously for the acts of its employees and agents performed within in the scope of their official duties, and common law respondiat-superior liability principles apply to certain of defendants' actions, and their agents and employees, all who acted under color of state law.

56.  The standards for a mental health commitment was known or should have been known by Defendants Lt. Labrie, Sgt. Patrinelli, Det. Woeller and Chief Warchol, at the time of plaintiff's interview on October 18, 2011, and there is direct evidence that defendants decided to involuntarily commit plaintiff for an evaluation prior to speaking with him on October 17, 2011, at approximately 5:30 p.m. after speaking with McCarthy and there was absolutely no medical or other basis for such an opinion and there was no consideration of other least restrictive alternatives as required and which evidences Northbridge's willful and deliberate conduct in knowing violation of plaintiff's clearly established constitutional liberty, due process and equal protection rights and the maintenance of an unconstitutional custom or policy.

**COUNT I**
**(Civil Rights Violations Under 42 U.S.C. §1983)**

57.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56, as if set forth herein.

58.  42 U.S.C. § 1983 provides in part that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of life, liberty or property without due process of law.(see, U.S. Const. Amend. XIV §1).

59.  At all relevant times to the complaint, plaintiff alleges that defendants acting closely together and under color of state law, deprived plaintiff of his rights guaranteed by the United States Constitution and rights secured by federal law, including but not limited to: plaintiff's clearly established constitutional liberty and privacy rights to be free from unlawful and false arrest and, excessive force, under the 4th Amendment and Fifth Amendment and Sixth Amendment to the United States Constitution,  and to receive Miranda warnings prior to custodial interrogation, to be advised of his rights against self-incrimination, to protect important testimonial confrontation rights, the right to be advised to his right to counsel under M.G.L.A. c.123 s.12(a) and s.12(b), plaintiff's applicable statutory rights to procedural due process, plaintiff's constitutional procedural due process rights, liberty rights, privacy rights and the right to equal protection under the Fourth and Fourteenth Amendments to the United States Constitution.

60.  At all relevant times to the complaint plaintiff claims he was falsely arrested by defendants and illegally seized on or about October 18, 2011 through October 22, 2011, in violation of his 4th, 5th and 14th Amendment rights, and he suffered an injury that resulted directly and only from the use of force that was excessive and disproportionate to the need and that the force used was objectively unreasonable, including the use of physical restraints.

62.  Defendants' October 18, 2011, command that plaintiff to come to the police station for questioning after daytime hours and subsequently initiating an emergency mental health commitment at approximately 10:30 p.m., under the circumstances of lack of any prior mental health history, the credibility of McCarthy, restraints used and the objective lack of probable cause, constitutes an unlawful seizure of plaintiff's person within the meaning of the 4th and 14th Amendments.(see, M.G.L.A. c.123 s.22).

63.  Plaintiff claims that defendants' knowing custodial interrogation of him on October 18, 2011, without Miranda warnings and confrontational protections such as a requested video-taped interview, and the use of such illegally obtained evidence and other knowing and recklessly communicated false material information to support an emergency mental health hospital admission and his subsequent arrest and prosecution in Haverhill District Court, violated his clearly established constitutional rights and was so outside the scope of reasonable criminal prosecution and mental health application process and policy, that it rose to the level of constitutional violations under the Fourth, Fifth, Sixth, and Fourteenth Amendment(s) to the United States Constitution.

64.  Plaintiff alleges that a state and its subdivisions are under a substantive obligation imposed by the Due Process Clause of the Fourteenth Amendment to refrain at least from the deliberate use of force in the form of an unwarranted emergency mental health commitment under M.L.G.L.A. c.123 s.12(a), which amounted to unconstitutional punishment under the circumstances and the need for the application of force and the relationship between the need and the amount of force that was used was excessive force", and violated his liberty rights under the 14th Amendment to the United States Constitution and did not constitute a good faith effort to maintain order.

65.  Plaintiff alleges that the degree of force employed by defendants was not reasonable to a prudent law enforcement officer under the same circumstances, and defendants' actions were "objectively unreasonable" in light of all the facts and circumstances confronting them and egregiously in excess of what was necessary to satisfy any claimed legitimate objective, defendants' conduct was so extreme, brutal, demeaning and harmful, as to shock the conscience. in violation of plaintiff's substantive due process rights under the 14th  Amendment to the United States Constitution.

66.  Plaintiff alleges the search of his home in his absence on or about October 18, 2011, was carried out without probable cause, and is a violation of his rights to privacy under the Fourth Amendment to the United States Constitution.

67.  Plaintiff alleges that defendants imposed conditions or restrictions upon plaintiff's liberty  that were not reasonably related to legitimate goals of public safety and defendants' claimed needed emergency psychiatric/mental health care for plaintiff on October 18, 2011, was arbitrary and/or without purpose and could not have been used for a legitimate purpose and was

excessive in relation any legitimate purpose, and the conditions and restrictions imposed upon plaintiff were for the illegitimate purpose of retribution and deterrence in violation of 42 U.S.C. s.1983.

68.  Plaintiff claims that defendants' conduct under the circumstances constitutes failure to provide proper medical care to a pre-trial detainee and punitive confinement in violation of his rights against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

WHEREFORE, plaintiff demands judgment against Defendants' for false arrest, failure to protect, violation of plaintiff's procedural and substantive due process rights, unlawful restraint on liberty, confrontation rights, equal protection of the laws, Miranda rights, improper medical care, punitive confinement and for other violations of his constitutional rights under the 4th, 5th, 6th , 8th and 14th Amendments to the United States Constitution, and seeks all statutory remedies under 42 U.S.C. §1983, and asks this court award all statutory damages, compensatory damages, prospective injunctive relief in the form of  clearing plaintiff's name, reforming Northbridge Police Policies and Procedures with regard to involuntary mental health commitments and the training of the officers in citizens' constitutional procedural rights, emotional distress damages, punitive damages, attorney's fees, costs and expenses of the litigation, statutory interest, and any other such award of damages and/or declaratory relief as this court may deem just and proper.

## COUNT II
### (M.G.L.A. c.258 Municipal Liability)

69.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through   , as if set forth herein.

70.  Plaintiff brings an action against defendants for gross negligence claiming the breach of defendants duties owed to plaintiff under the circumstances was the proximate cause of his injuries suffered. Plaintiff alleges that defendants created the injury causing conditions that directly caused the damages suffered by plaintiff and the government officials exercising their discretionary duties are not shielded from liability because their conduct violated clearly established statutory and constitutional rights which a reasonable person would have known.

71.  Plaintiff alleges at times relevant to the complaint, his intent and conduct was misrepresented by defendants where fraudulent and material information received from Kevin McCarthy was objectively implausible and a completely fabricated story of plaintiff's purported "hit list", which was merely handwritten names on a piece of notebook paper was unreasonably accepted as a true "hit list", by police defendants, who acted in concert and failed to act, to deprive plaintiff of his clearly established constitutional rights, where a reasonable officer would not have believed McCarthy, under the circumstances, let alone have involuntarily committed plaintiff based upon such outlandish and unsupported evidence. Kevin McCarthy may have been investigating plaintiff for the Northbridge Police, unknown to plaintiff, prior to October 17, 2011.

72.  Plaintiff insisted that his interview on October 18, 2011, at the Northbridge Police Station be videotaped and he was assured at the time by defendants that it was and he subsequently the interview was not videotaped as represented. Plaintiff claims common law action for false imprisonment and battery where plaintiff was unjustifiable held against his will and restrained without his consent or authority. Plaintiff alleges that at all relevant times to the

complaint, Defendant McCarthy breached his duty owed to plaintiff in their business relationship to date and his legal duty to not file  a false police report which directly caused plaintiff to suffer economic and non-economic damages.


WHEREFORE, plaintiff demands judgment against defendants' and Defendant McCarthy, for negligence, gross negligence, misrepresentation,  false imprisonment and battery and seeks special damages, statutory damages, compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.


## COUNT III
### (ADA Title II, 42 U.S.C. s. 12131 et seq.)

73.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 72, as if set forth herein.

74.  Plaintiff claims he was regarded as a qualified individual with a disability by defendants on October 18, 2011, and was denied the benefits of and excluded from participating in and was denied the benefits and services of programs of a public entity, the Northbridge Police Department, and was subject to discrimination by such public entity, including his rights to due process under the mental health statute and his rights to CPCS counsel under M.G.L.A. c.123 s.12(a) to immediately address the wrongful detention.


75.  Plaintiffs avers his rights to Equal Protection of the laws under the 14th Amendment were violated when the defendants' supervisory decisions resulted in the discriminatory effects

taken for a discriminatory reason, and was discriminated against him because of his perceived disability and he was intentionally and/or negligently treated differently from other(s), and defendants' possessed a constitutional mens rea, and were objectively and subjectively, deliberately indifferent to plaintiff's clearly established constitutional rights which caused a plainly obvious outcome.(see, ADA Title II, 42 U.S.C. s. 12131 et seq.)

WHEREFORE, plaintiff demands judgment against defendants' for violation of 42 U.S.C. s. 12131 et seq., s. 12132, and seeks special damages, statutory damages, compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

## COUNT IV
### (Monell Claim)

76. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 75.

77. Plaintiff alleges that the execution of a government's policy or custom can create municipal responsibility under § 1983. A policy is a statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers, final policy making authority, or an official to whom the lawmakers have delegated policy making authority, and, a custom is a persistent and widespread practice that is not authorized by written law but is so permanent and well settled as to have the force of law.

78.  Plaintiff alleges that the Northbridge Police Department maintained unconstitutional customs and policies and its employees unconstitutionally enforced its customs and policies, to wit, the use of the emergency mental health proceedings as a substitute for arrest upon imminent criminal applications and being used as a punitive measure instead of a reasonable act or measure to protect the public at large and plaintiff. Plaintiff alleges that the town policy policy largely mandated good faith adherence to mental health laws and regulations which plaintiff alleges was violated.

79.  Plaintiff alleges municipal officials and employees acquiescence toward violations of clearly established rights and such unconstitutional acts were caused by a policy or custom of the Northbridge Police Department, using the emergency mental health commitment procedures to effect an arrest or punish the accused, thereafter whitewashing citizen complaints and through its' *deliberate* conduct, and in this regard, the municipality was the moving force behind plaintiff's injury and the deprivation of his constitutional rights.

80.  Plaintiff claims that City Defendants' are vicariously liable for the constitutional torts of its defendants subordinates when, the policymaker's acts amount to deliberate indifference to the rights of the plaintiff, and, where this action or non-action amounts to a deliberate choice to follow a course of action made from among various alternatives, in the face of an obvious risk of the plaintiff's constitutional rights being violated, actually caused, authorized and/or approved of the subordinate's constitutionally tortious behavior, and breached their constitutional duty to supervise and eliminate subordinate misconduct and otherwise, were the natural consequences of the supervisor's actions.

81.  In addition, plaintiff alleges that Northbridge Police Department and the municipality itself acted in an unlawful way by permitting or encouraging defendants' by failure to train and supervise appropriately the individual officers in violation of plaintiff's constitutional rights and in violation of 42 U.S.C. s. 1983.

WHEREFORE, plaintiff demands judgment against the defendants for maintenance of an unconstitutional policy or custom in violation of plaintiff's rights under the 4th, 5th, 6th, 8th and 14th Amendments, and seeks his remedy under 42 U.S.C. §1983, and asks that the court award, statutory damages, compensatory damages, punitive damages, attorney's fees and the costs and expenses of the litigation, and award plaintiff any other such damages and relief as this court may deem just and proper.

## COUNT V
### (Supervisory Liability and Vicarious Liability)

82.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 81.

83.  Plaintiff avers that at all times relevant to the complaint, 42 U.S.C. § 1983 does incorporate a separate duty for supervisory officials and causally attenuated municipalities. The liability of municipalities under § 1983 comes from the same subjects or causes to be subjected, language as the liability of individual actors and, that under the circumstances of this case, there was a causal link between defendants' culpable actions and in-actions and plaintiff's injuries and damages suffered.

84. Plaintiff avers that at all times relevant to the complaint, Defendant Warchol as Chief of Police, is charged with ultimate responsibility for the training and supervision of Northbridge police officers, and for the administration and implementation of the police department policies, practices, and/or customs,' training and supervision system, and defendant Warchol was charged with overseeing all programs and operations applicable to custodial interrogation, arrest, criminal investigations, criminal complaint applications, pre-trial detainees and emergency mental health proceedings.

85. Plaintiff alleges that defendants failed to prevent the alleged unconstitutional conduct by 'knowingly, recklessly, or with gross negligence' failing to 'instruct, train, supervise, control, and discipline' their subordinates, and were aware of and acquiescent to the alleged misconduct, and/or were responsible for the policy or procedure which resulted in the alleged misconduct, such as the purposeful, grossly negligent and/or discriminatory use of mental health proceedings against a prospective criminal defendants, where evidence does not amount to probable cause to arrest, and plaintiff was caused to testify against himself, and defendants' were deliberately indifferent to its result, and they are therefore liable under § 1983, for the foreseeable risk of harm to plaintiff. Plaintiff alleges supervisory liability because defendant's policy, practice, or custom, when enforced by subordinates or third parties, caused the plaintiffs harm under Section 1983. Plaintiff alleges the Town Defendants' are vicariously liable for any unlawful acts of its authorized agents or employees, including Defendant McCarthy, who plaintiff alleges worked so closely with and at the direction of defendants to render certain concerted conduct and alleged unlawful conduct, state action.

WHEREFORE, plaintiff demands judgment against Town Defendants and supervisory defendants for supervisory liability and under 42 U.S.C. s.1983, asks that the court award, statutory damages, compensatory damages, punitive damages, attorney's fees and the costs and expenses of the litigation, and award plaintiff any other such damages and relief as this court may deem just and proper.

### COUNT VI
### (MGLA c. 12 §11H and §11I)

86.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 85.

87.  Plaintiff claims that defendants' actions, individually and in concert, interfered with and attempted to interfere with plaintiff clearly established constitutional rights by means of threats, intimidation and coercion.

88.  Plaintiff alleges that defendants' and Defendant Kevin McCarthy, by their conduct, interfered with and/or attempted to interfere with the exercise or enjoyment of his constitutional rights to privacy, Miranda rights, confrontation rights, rights against false arrest, right to proper medical care, rights against punitive conditions of confinement, rights to equal protection and due process rights, under the 4th, 5th, 6th, 8th and 14th Amendments, by means of threats intimidation and coercion in violation of M.G.L.A. c.12 §11H and §11I.

WHEREFORE, plaintiff demands judgment against defendants and Defendant Kevin McCarthy, for interference and attempted interference with plaintiff's constitutional rights in violation of M.G.L.A. c.12 §11H and §11I, and seeks all statutory damages, compensatory

damages, punitive damages, attorney's fees and the costs and expenses of the litigation, and any other such damages and relief as this court may deem just and proper.

## COUNT VII
### (Abuse of Process)

89.  Plaintiff repeats and realleges the facts as set forth in paragraphs one through 88.

90.  On October 18, 2011, defendants' filed an emergency mental health commitment and involuntary admission to a psychiatric facility and/or hospital which was instituted against plaintiff for an ulterior motive of causing his arrest, punishment, discrimination and prosecution on an alleged criminal matter in Haverhill, with bias and prejudice toward Defendant Petrinelli and Kevin McCarthy, which was objectively unreasonable and caused plaintiff to suffer economic and non-economic injuries including violations of his clearly established constitutional liberty and privacy rights and constitutes abuse of process. Plaintiff alleges that on or about October 17, 2011, without plaintiff's knowledge, Kevin McCarthy caused the filing of a criminal action against Kai Kunz for an ulterior motive other than the lawful prosecution of alleged criminal conduct.

WHEREFORE, plaintiff demands judgment against defendants and Defendant McCarthy, for abuse of process, and seeks special damages, intangible harm to reputation, compensatory damages, punitive damages, pecuniary damages, business damages, attorney's fees, the costs of litigation, statutory interest and any such other damages and relief as this court may deem just and proper.

## COUNT VIII
### (Malicious Prosecution)

91.  Plaintiff repeats and realleges the facts as set forth in paragraphs one through 90.

92.  Defendants' caused the initiation of an emergency mental health admission, criminal process, and the arrest of plaintiff, without probable cause or a sufficient basis for such actions, and defendants' were otherwise aware that there were serious questions concerning the actions taken and defendants conduct and failure to supervise individual defendants and agents, and defendants malicious prosecution of plaintiff, directly caused him to suffer economic and non-economic damages.

WHEREFORE, plaintiff demands judgment against defendants and Defendant, McCarthy, for malicious prosecution, and seeks special damages, compensatory damages, punitive damages, compensatory damages, pecuniary damages, attorney's fees, the costs of litigation, statutory interest and any such other damages and relief as this court may deem just and proper.

## COUNT IX
## (IIED and NIED)

93.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 92, as if set forth herein.

94.  Plaintiff avers defendants intentional and negligent deprivations of his constitutional rights, directly caused him to suffer severe physical injury, pain, suffering humiliation, emotional distress and objective manifestations of mental distress and a reasonable person would have suffered emotional distress under the circumstances of this case.

95.  Plaintiff avers that defendants' conduct at relevant times, constitutes intentional infliction of emotional distress, in that defendants intended to inflict emotional distress or knew

or reasonably should have known that emotional distress was likely to result from such conduct and that defendants' conduct was extreme and outrageous, and beyond all possible bounds of decency and utterly intolerable in a civilized community and, defendants conduct proximately caused plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it, and/or could reasonably be viewed as an attempt to shock and harm plaintiff's peace of mind.

WHEREFORE, plaintiff demands judgment against defendants' and Defendant McCarthy for intentional and negligent infliction of emotional distress and civil conspiracy to commit same, seeks compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.


## COUNT X
### (Violation of Article 12 and Article 14 of the Massachusetts State Constitution)

96. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 95, as if set forth herein.

97. Plaintiff avers that the conduct of defendants as described violated his state constitutional rights to be free from coerced criminal interrogation, unlawful search and seizure, unlawful arrest, excessive force and the restraint on his liberty and rights of the criminally accused, under Articles 12 and Article 14 of the Massachusetts Declaration of Rights.

WHEREFORE, plaintiff demands judgment against defendants' for state constitutional violations under Article 12 and Article 14, and seeks compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages,

attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

## COUNT XII
## (M.G.L.A. c. 214 s.1B)

98.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 97, as if set forth herein.

99.  Plaintiff claims that defendants' conduct, individually and collectively constitutes a unreasonable, substantial or serious interference with plaintiff's privacy rights in violation of M.G.L.A. c.214 s.1B.

WHEREFORE, plaintiff demands judgment against defendants' and Defendant Kevin McCarthy, for unlawful interference with plaintiff's rights to privacy and  unreasonable intrusion upon his personal rights and personal autonomy in violation of M.G.L.A. c. 214 s.1B, and seeks special damages, statutory damages, compensatory damages, consequential damages, actual damages, unspecified damages, emotional distress damages, punitive damages, attorney's fees and costs of the action, and any such other damages or relief as the court may deem just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. Rule 38, on all issues so triable.

Respectfully submitted,
Plaintiffs, Kai Kunz,
By his attorney,

/s/ David E. Ashworth, Esq.
_____
David E. Ashworth, Esq.
11 Pleasant Street
Worcester, MA 01609
(508) 753 9199
BBO# 549850

## CERTIFICATION UNDER LOCAL RULE 5(2)(b)

I hereby certify that the foregoing, **PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, CIVIL ACTION COVER SHEET,** was e-filed in accordance with Local Rule 5(2)(b), this 16th day of April, 2015.

/s/ David Ashworth

_____

David E. Ashworth, Esq.